UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
25-mj-05131-JGD

UNITED STATES OF AMERICA

v.

JACOB TYLER HENRIQUES

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER**

August 11, 2025

DEIN, U.S.M.J.

Overview

The defendant is charged with attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a), (b)(2) and 1594(a). On May 7, 2025, after a hearing, the court ordered the defendant detained on the grounds, *inter alia*, that the government had proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (Docket No. 16). That detention order is incorporated herein by reference.

This matter is presently before the court on the defendant's motion for reconsideration of the detention order. (Docket No. 19). Therein, based on an evaluation by Leo Keating, LICSW, the Clinical Director of New England Forensic Associates (NEFA) who evaluates and treats sexual offenders, the defendant asks that he be placed on pre-trial release to obtain treatment at NEFA. Mr. Keating apparently conducted MCMI-III personality testing on the defendant, but did not discuss the allegations of the crime with which the defendant has been charged. In his report Mr.

Keating states that, after testing, Mr. Keating has concluded that the defendant "is a well-functioning adult who is facing life stressors." The defendant does not suffer from any major mood or thought disorder and has no antisocial personality traits. He does not suffer from a substance abuse disorder. While Mr. Keating has made no determination as to whether in-patient or out-patient treatment would be appropriate, Mr. Keating believes that the defendant "represents a low risk to commit sexual offenses[,]" "can safely be managed in the community" and "poses minimal risk to public safety." Mr. Keating emphasized that the defendant has not engaged in hands-on sexual offenses and that the charges are based solely on conduct which took place through the Internet. Based on Mr. Keating's evaluation, the defendant proposes that he be released to his parents "as custodians, home detention, GPS monitoring, mandatory treatment, and denial of access to any internet-connected devices" as well as the posting of a bond secured by the family home. (Docket No. 19 at 1). The government opposes the request for reconsideration. (Docket No. 24). For the reasons detailed herein, the defendant's motion for reconsideration is DENIED.

## Analysis

The government argues strenuously that the defendant has failed to establish a change in circumstances and that, as a consequence, there is no basis to reconsider the court's earlier detention order. (See Docket No. 24 at 7-8 and cases cited). The court rejects any invitation to address in this decision the precise parameters of when a renewed detention hearing is appropriate. Pursuant to 18 U.S.C. § 3142(f)(2):

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of

[2]

> release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

This court finds that the short amount of time between the defendant's arrest and his detention hearing (May 2 – 7, 2025) did not give the defendant sufficient time to obtain an evaluation and propose conditions of release which included receiving psychological treatment. Therefore, the court finds that in the instant case, the defendant has identified new information that was previously unknown to him which warranted a renewed consideration of the issue of detention.

    Nevertheless, consideration of Mr. Keating's evaluation does not cause the court to reconsider its detention decision. As he admitted, Mr. Keating did not consider the evidence about the defendant's conduct that was submitted to the court. The court found that the evidence against the defendant was strong. While there is no evidence that the defendant engaged in hands-on sexual offenses, the evidence showed that he engaged in highly creative, manipulative, persistent and destructive behavior, causing much trauma to his young victims. The risk to the community is great.

    Moreover, Mr. Keating did not find the defendant to have any of the traits which he exhibited in dealing with his alleged victims. Rather, Mr. Keating found the defendant to be a "well-functioning adult[.]" Mr. Keating did not identify the need for any psychological treatment at all, much less identify what such treatment would include. As this court previously concluded, the court is unable to fashion conditions which would ensure that the defendant would stay off the internet and/or away from potential victims. While his parents are well-meaning and obviously concerned about him, the defendant has been able to hide his actions, and whatever conditions that led to his actions, from them despite their close relationship.

[3]

For the reasons detailed herein, and in this court's original detention order, the defendant shall be detained pending trial.

SO ORDERED.

                                                / s / Judith Gail Dein
                                                Judith Gail Dein
                                                United States Magistrate Judge